UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

VALERIE SILBERMAN,

        Plaintiff,

v.

LOWE'S HOME CENTERS, LLC, et al.,

        Defendants.

Case No. 18-00792

Hon. Paul L. Maloney

Hon. Mag. Phillip J. Green

---

# NON-PARTY DENNIS BROVONT, JR.'S BRIEF IN SUPPORT OF HIS MOTION TO QUASH PLAINTIFF'S SUBPOENA FOR DEPOSITION AND PRODUCTION OF DOCUMENTS, FOR ENTRY OF A PROTECTIVE ORDER, AND FOR SANCTIONS

# EXPEDITED CONSIDERATION REQUESTED
# (NOVEMBER 19, 2019, DEPOSITION AT ISSUE)

# ORAL ARGUMENT REQUESTED

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................................... ii
INTRODUCTION ....................................................................................................................... 1
BACKGROUND ......................................................................................................................... 2
ARGUMENT ............................................................................................................................... 4

    I.    The Deposition Subpoena should be quashed because the deposition would be unduly burdensome to Mr. Brovont—a non-party witness—in part because Plaintiff seeks the disclosure of confidential commercial information..................................................................................................5

    II.   The Deposition Subpoena should be quashed because Plaintiff cannot show that Mr. Brovont—an apex witness—has any unique personal knowledge that is relevant to her case and unavailable from another source. ..................................................................................................................9

   III.  Under Federal Rule of Civil Procedure 45(d)(1), Mr. Brovont is entitled to his reasonable attorney's fees for this Motion to Quash. ......................................11

CONCLUSION .......................................................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

### Cases

*Arminak v. Arminak & Assocs., LLC*
  No. CV 16-3382 JAK (SSX), 2017 WL 10402987 (C.D. Cal. Mar. 30, 2017) .......................... 7

*Conti v. Am. Axle & Mfg., Inc.*
  2007 WL 850998 (E.D. Mich. Mar. 16, 2007) ........................................................................ 10

*Cusumano v. Microsoft Corp.*
  162 F.3d 708 (1st Cir. 1998) ..................................................................................................... 6

*Devlin v. Chemed Corp.*
  2005 WL 2313859 (E.D. Mich. 2005) ...................................................................................... 9

*El Camino Res., Ltd. v. Huntington Nat. Bank*
  No. 1:07-CV-598, 2008 WL 4833009 (W.D. Mich. Nov. 5, 2008) .......................................... 9

*Exxon Shipping Co. v. United States Dep't of Interior*
  34 F.3d 774 (9th Cir. 1994) ....................................................................................................... 7

*Herbert v. Lando*
  441 U.S. 153 (1979) ................................................................................................................... 6

*K.C.R. v. County of L.A.*
  No. CV 13-3806 PSG (SSx), 2014 WL 3434257 (C.D. Cal. July 11, 2014) ........................... 9

*Mannington Mills, Inc. v. Armstrong World Industries, Inc.*
  206 F.R.D. 525 (D. Del. 2002) .................................................................................................. 6

*Precourt v. Fairbank Reconstruction Corp.*,
  280 F.R.D. 462 (D. S.D. 2011) ................................................................................................. 7

*Spartanburg Regional Healthcare System v. Hillenbrand Industries, Inc.*
  Case No. 1:05-MC-107, 2005 WL 2045818 (W.D. Mich. Aug. 24, 2005) .......................... 6, 7

### Federal Rules

Fed. R. Civ. P. 26 ........................................................................................................................ 5, 6

Fed. R. Civ. P. 26(b)(1) .................................................................................................................. 5

Fed. R. Civ. P. 26(b)(2)(C) ......................................................................................................... 5, 8

|  | Page(s) |
|---|---|
| Fed. R. Civ. P. 26(c)(1) | 6, 8, 9 |
| Fed. R. Civ. P. 45 | 6, 7 |
| Fed. R. Civ. P. 45(d)(1) | 5, 11 |
| Fed. R. Civ. P. 45(d)(2)(B) | 5, 9, 11 |
| Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv) | 6, 8, 9 |
| L.R. 10.6(a) | 4 |

## INTRODUCTION

This is an employment case. Dennis Brovont, Jr., is the President of PEL Construction, LLC; PEL Properties, LLC; Pro Energy Logistics, LLC; and PEL Equipment, LLC (the "**PEL Entities**"). Neither Mr. Brovont nor the PEL Entities are parties to this action. Rather, Mr. Brovont's brother manages Defendants' store in Kentwood, Michigan, and the PEL Entities perform general contracting services for entities associated with an individual identified as "H.P." in Plaintiff's complaint. Plaintiff alleges that, while she was working at Defendants' Kentwood store, she was sexually harassed by Defendants' customer H.P. (PageID.3.) Plaintiff further alleges that Defendants failed to stop H.P. from sexually harassing her because "the livelihood of the store manager's brother (i.e., the contractor for H.P.) was also at stake." (PageID.5.)

In pursuit of this conspiracy theory, Plaintiff served Mr. Brovont in May 2019 with four identical subpoenas for documents issued to Mr. Brovont and the PEL Entities (the "**Documents Subpoenas**"), to which they timely objected and produced responsive documents in accordance with their objections. In October 2019, Plaintiff served Mr. Brovont with a subpoena to appear for his deposition with additional documents on November 19, 2019 (the "**Deposition Subpoena**"). Plaintiff rejected Mr. Brovont's attempts to negotiate a reasonable compromise that would avoid subjecting Mr. Brovont—a non-party apex witness with no first-hand knowledge of Plaintiff beyond the fact that, at some point, she worked in the Pro Services Department of Defendants' Kentwood store—to undue burden or the disclosure of confidential business information. As a last resort, Mr. Brovont filed this Motion to Quash Plaintiff's Subpoena for Deposition and Production of Documents, For Entry of a Protective Order, and For Sanctions ("**Motion to Quash**").

## BACKGROUND

Mr. Brovont is the President of the PEL Entities. His brother Steve Brovont manages Defendants' store in Kentwood, Michigan, and the PEL Entities perform general contracting services for entities associated with an individual identified as "H.P." in Plaintiff's complaint. According to Plaintiff's complaint:

> Starting on or about October 25, 2016, plaintiff was subjected to sexual harassment by a regular male customer of the defendants, who will be referred to herein as "H.P." H.P. is believed to develop and/or own various hotels. H.P. and/or the entities he owns utilize the services of a contractor to perform construction on H.P.'s development projects. That contractor company is owned by the brother of the store manager of the defendants' Kentwood, Michigan, store location at which plaintiff worked.

(PageID.3.) Plaintiff further alleges that Defendants failed to stop H.P. from sexually harassing her because "the livelihood of the store manager's brother (i.e., the contractor for H.P.) was also at stake." (PageID.5.)

On April 19, 2019, Plaintiff issued the Documents Subpoenas. (*See* **Exhibit A**.) The cover letter advised that the Court had ordered a temporary stay in this action through Friday, May 31, 2019, and that "no motions regarding, or objections to the subpoena can be filed during the period of the court-ordered stay." (*See id.*) As such, Mr. Brovont and the PEL Entities timely provided written objections to the Documents Subpoenas on Monday, June 3, 2019. (*See* **Exhibit B**.) On June 21, 2019, the Documents Subpoenas' deadline for production, Mr. Brovont and the PEL Entities provided amended written objections and produced responsive documents in accordance with these amended objections. (*See* **Exhibit C**.)

On October 17, 2019, Plaintiff issued the Deposition Subpoena. (*See* **Exhibit D**.) During a telephone conversation on October 22, before Mr. Brovont was served with the Deposition

2

Subpoena, his counsel contacted Plaintiff's counsel to discuss the possibility of Mr. Brovont providing an affidavit in lieu of the deposition in light of his negligible first-hand knowledge of Plaintiff and to avoid undue burden. Plaintiff's counsel indicated that any such affidavit would need to include information about Mr. Brovont's relationships with H.P. and the manager of Defendant's Kentwood store. On October 30, 2019, after Mr. Brovont had been served with the Deposition Subpoena on October 29, Mr. Brovont's counsel emailed Plaintiff's counsel outlining the scope of a proposed affidavit that could be provided by Mr. Brovont in lieu of his deposition. (*See* **Exhibit E**, at 5-6.) On November 4, Plaintiff's counsel not only rejected this proposal, but stated that, "I cannot disclose my potential deposition examination strategy through negotiations over the content of an affidavit." (*Id.* at 5.) Also, for the first time since Mr. Brovont and the PEL Entities had timely objected to the Documents Subpoenas five months earlier, and without any reference to those objections, Plaintiff's counsel suggested that Mr. Brovont and the PEL Entities had not complied with the Documents Subpoenas.

Given Plaintiff's counsel's refusal to negotiate any affidavit, Mr. Brovont's counsel contacted Plaintiff's counsel on November 7, 2019, in an effort to negotiate reasonable limitations on the duration and scope of Mr. Brovont's deposition. (*See* **Exhibit E**, at 5.) On November 8, after a phone conversation with Plaintiff's counsel earlier that afternoon, Mr. Brovont's counsel sent Plaintiff's counsel an email stating in part:

> During our discussion this afternoon, I suggested that we agree that Mr. Brovont would not be asked about (1) any proprietary construction methods or dollar amounts related to Mr. Brovont's entities' work with [H.P.'s] entities beyond the previously provided aggregate sum of payments received, or (2) any of Mr. Brovont's business dealings after 2016, consistent with the time frame in your subpoena for records. I also suggested that we put a reasonable time limit on the deposition.
>
> You not only rejected these limitations, but indicated that you were specifically interested in asking Mr. Brovont about the dollar values of specific projects between Mr. Brovont's entities and [H.P.'s] entities. As indicated in the written

3

> objections to your subpoena for records, that information is confidential business information related to construction pricing and methods of providing commercial construction services, and its disclosure would cause substantial economic harm to Mr. Brovont's entities' competitive position in the marketplace. *See* Fed. R. Civ. P. 45(d)(3)(B)(i). The only option you offered is that, after Mr. Brovont's deposition, you would consider a protective order regarding the use of his testimony.
>
> Unless you let me know today that you have reconsidered your position as to the limitations I suggested, I intend to file a motion to quash the subpoena for Mr. Brovont's deposition.

(*Id*. at 3.) In response, Plaintiff's counsel did not deny his intention to depose Mr. Brovont about the very information to which Mr. Brovont had timely objected to producing five months earlier, and which Plaintiff has never moved to compel. (*Id.* at 1-2.) Instead, Plaintiff's counsel offered only to negotiate a protective order on the use of such information. (*Id.* at 2.) Because this would provide inadequate protection of his confidential information,[1] and a deposition without reasonable limitations would be unduly burdensome, Mr. Brovont filed this Motion to Quash.

## ARGUMENT

The Deposition Subpoena should be quashed for two reasons. First, Mr. Brovont is a non-party witness whose deposition would be unduly burdensome, in part because Plaintiff seeks the disclosure of confidential business information related to the PEL Entities' construction pricing, which has no bearing on this case. Second, Mr. Brovont is an apex witness and Plaintiff cannot show that he has any unique personal knowledge of information that is relevant to her case and unavailable from another source.

Furthermore, Plaintiff's intention to depose Mr. Brovont about confidential pricing details, to which Mr. Brovont timely objected to producing five months earlier, is a thinly veiled

---

[1] This Court generally disfavors the filing of confidential information under seal. *See* Local Rule 10.6(a).

4

attempt to end-run Plaintiff's obligation to file a motion to compel the disclosure of such information under Federal Rule of Civil Procedure 45(d)(2)(B). By forcing Mr. Brovont to file this Motion to Quash instead, Plaintiff has flouted her obligation under Federal Rule of Civil Procedure 45(d)(1) to take reasonable steps to avoid imposing undue burden on Mr. Brovont—a non-party—and should be sanctioned with Mr. Brovont's reasonable attorney's fees associated with this Motion to Quash.

## I. The Deposition Subpoena should be quashed because the deposition would be unduly burdensome to Mr. Brovont—a non-party witness—in part because Plaintiff seeks the disclosure of confidential commercial information.

Under the Federal Rules of Civil Procedure, a party may generally obtain discovery of any non-privileged matter that is relevant to a claim or defense, so long as it is "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The court may also limit discovery under Fed. R. Civ. P. 26 if it determines that <u>any</u> of the following circumstances exist:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). Further, a court has the discretion to limit discovery, even of relevant evidence, by issuing "an order to protect a party or person from annoyance,

embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).[2] "District courts should not neglect their power to restrict discovery" in these circumstances. *Herbert v. Lando*, 441 U.S. 153, 177 (1979).

Federal Rule of Civil Procedure 45 provides specific protections for non-parties subject to a subpoena by stating that a court must "quash or modify the subpoena if it . . . (iii) requires disclosure of privileged or other protected matter . . . ; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). A court may also quash a subpoena that requires the "disclos[ure of] a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(B)(i). The 1991 Advisory Committee Notes state that the 1991 amendments to the rule "enlarge[d] the protections afforded persons who are required to assist the court by giving information or evidence." Fed. R. Civ. P. 45 1991 Adv. Comm. Notes.

Consistent with Federal Rule of Civil Procedure 45, courts show special concern for non-parties burdened by the discovery process. "[C]oncern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998); *see also Miscellaneous Docket #1 v. Miscellaneous Docket #2,* 197 F.3d 922 (8th Cir. 1999) (affirming grant of motion to quash

---

[2] Courts have considered non-parties' motions to quash under both Federal Rules of Civil Procedure 26(c)(1) and 45(d)(3). *Spartanburg Regional Healthcare System v. Hillenbrand Industries, Inc.*, Case No. 1:05-MC-107, 2005 WL 2045818 (W.D. Mich. Aug. 24, 2005); *Mannington Mills, Inc. v. Armstrong World Industries, Inc.*, 206 F.R.D. 525, 529 (D. Del. 2002). A non-party moving to quash a subpoena under Rule 45, in essence, is "the same as moving for a protective order [under Rule 26] that such discovery not be allowed." *Mannington Mills,* 206 F.R.D. at 529; *Miscellaneous Docket #1 v. Miscellaneous Docket #2*, 197 F.3d 922, 924 (8th Cir. 1999). In addition, the 1991 Advisory Committee Notes to the rule specifically recognize the interrelatedness of Federal Rules of Civil Procedure 26 and 45: "Paragraph (c)(3) [now (d)(3) of Rule 45] explicitly authorizes the quashing of a subpoena as a means of protecting a witness from misuse of the subpoena power. It replaces and enlarges on the former subdivision (b) of this rule and tracks the provisions of Rule 26(c)." Fed. R. Civ. P. 45 1991 Adv. Comm. Notes.

6

subpoena for testimony of non-party); *Exxon Shipping Co. v. United States Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994) (stating that non-parties are afforded "special protection against the time and expense of complying with subpoenas"); *Spartanburg Regional Healthcare System v. Hillenbrand Industries, Inc.*, No. 1:05-MC-107, 2005 WL 2045818 (W.D. Mich. Aug. 24, 2005) ( "[T]he fact that [the party subject to the subpoena] is not a party to the South Carolina action counsels in favor of granting its motion to quash."). To that end, "[i]f the party seeking information can easily obtain the same information without burdening the non-party, the court will quash the subpoena." *Arminak v. Arminak & Assocs., LLC*, No. CV 16-3382 JAK (SSX), 2017 WL 10402987, at *3 (C.D. Cal. Mar. 30, 2017) (quoting *Precourt v. Fairbank Reconstruction Corp.*, 280 F.R.D. 462, 467 (D. S.D. 2011)).

Based on these principles, the Deposition Subpoena should be quashed. Mr. Brovont is not a party to this case. Further, Mr. Brovont's only first-hand knowledge regarding Plaintiff is that, at some point, she worked in the Pro Services Department of Defendants' Kentwood store, and he was willing to provide an affidavit to that effect. (*See* **Exhibit E**, at 6.) Plaintiff alleges that a relevant issue in this case of which Mr. Brovont has personal knowledge relates to the PEL Entities' business relationship with H.P.'s entities:

> [T]here is a significant issue in this case of an alleged conflict of interest on the part of store manager Steve Brovont arising out of his brother, Dennis Brovont's, business relationship with [H.P.], and the role that such conflict played in the defendants' failure to properly address plaintiff's report of sexual harassment. There is evidence in this case that Steve Brovont did not want to take action vis-a-vis [H.P.] in part out of fear of jeopardizing his brother, Dennis Brovont's, livelihood. Thus, the existence and value of Dennis Brovont's business relationship with [H.P.] is very much relevant to the case. Thus, the existence and value of Dennis Brovont's business relationship with [H.P.] is very much relevant to the case. Your assertion that Dennis Brovont has no personal knowledge as to any relevant issue is therefore not correct.

(**Exhibit E**, at 1.)

But the "existence and value" of the PEL Entities' business relationship with H.P.'s entities is readily available from another source or through alternative discovery methods. Indeed, Plaintiff's counsel's own assertion that there is already "evidence in this case that Steve Brovont did not want to take action vis-à-vis [H.P.] in part out of fear of jeopardizing his brother, Dennis Brovont's, livelihood" undermines any claim that such evidence is only available through Mr. Brovont's deposition. (*See* **Exhibit E**, at 1.) Further, Plaintiff has not shown an inability to obtain this information by deposing Steve Brovont, who allegedly acted on this information. Steve Brovont is an employee of a Defendant and thus a more appropriate deponent than his non-party brother Mr. Brovont. Also, in response to the Documents Subpoenas, and subject to written objections, Mr. Brovont has already produced a document reflecting the aggregate sum of payments the PEL Entities have received from any entities related to H.P. between 2012 and 2016, and offered to provide an affidavit to that effect. (See **Exhibit C**, at Resp. to Req. No. 3; **Exhibit E**, at 6.) Thus, Plaintiff has "had ample opportunity" to obtain this information from sources that are "more convenient, less burdensome, or less expensive," making Mr. Brovont's deposition "unreasonably cumulative or duplicative" and not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(2)(C). In short, the Deposition Subpoena must be quashed because it would subject Mr. Brovont to "undue burden." Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 45(d)(3)(A)(iv).

Furthermore, the Deposition Subpoena should be quashed based on Plaintiff's intention to ask Mr. Brovont about the dollar values of specific projects between the PEL Entities and H.P.'s entities, beyond the aggregate value of all such projects previously produced. In response to the Documents Subpoenas, Mr. Brovont and the PEL Entities timely objected to the disclosure of such confidential business information related to construction pricing and methods of providing commercial construction services because it would cause substantial economic harm to the PEL

8

Entities' competitive position in the marketplace.  (*See* **Exhibit C**, at Resp. to Req. No. 3.)  Plaintiff waited five months to so much as suggest that Mr. Brovont and the PEL Entities may have failed to comply with the Documents Subpoenas, and has not notified Mr. Brovont of any intent to file a motion to compel as required by Federal Rule of Civil Procedure 45(d)(2)(B).  Plaintiff's insistence on obtaining additional details of this relationship, particularly confidential pricing details that Mr. Brovont timely objected to disclosing five months ago, without any attempt to demonstrate their relevance to this case, constitutes "oppression" worthy of a protective order under Rule 26(c)(1).  And because it seeks the disclosure of "confidential . . . commercial information," a "protected matter," the Deposition Subpoena should be quashed under Rule 45(d)(3)(A)(iii) and 45(d)(3)(B)(i)

## II. The Deposition Subpoena should be quashed because Plaintiff cannot show that Mr. Brovont—an apex witness—has any unique personal knowledge that is relevant to her case and unavailable from another source.

In particular, "[c]ourts have often observed that discovery seeking the deposition of high-level executives (so-called apex depositions) creates a tremendous potential for abuse or harassment that may require the court's intervention for the witness's protection under Rule 26(c)."  *K.C.R. v. County of L.A.*, No. CV 13-3806 PSG (SSx), 2014 WL 3434257, at *3 (C.D. Cal. July 11, 2014) (internal quotation omitted).  "When a party seeks to depose high-level decision makers who are removed from the daily subjects at issue in the litigation, the party must first demonstrate that the proposed deponent has 'unique personal knowledge' of facts relevant to the dispute."  *El Camino Res., Ltd. v. Huntington Nat. Bank*, No. 1:07-CV-598, 2008 WL 4833009, at *2 (W.D. Mich. Nov. 5, 2008) (quoting *Devlin v. Chemed Corp.*, 2005 WL 2313859 (E.D. Mich. 2005).  Therefore, a party seeking an apex deposition must show that the information sought is not available from another source or through alternative discovery

methods. *See Conti v. Am. Axle & Mfg., Inc.*, 2007 WL 850998, at *2 (E.D. Mich. Mar. 16, 2007).

As their President, Mr. Brovont is the highest-ranking executive of the PEL Entities and thus entitled to the protection of the apex deposition rule. Further, Mr. Brovont has no "unique personal knowledge" that is otherwise unavailable in this case. As noted in Section I above, Mr. Brovont's only first-hand knowledge regarding Plaintiff is that, at some point, she worked in the Pro Services Department of Defendants' Kentwood store, and he was willing to provide an affidavit to that effect. (**Exhibit E**, at 6.) Plaintiff alleges that a relevant issue in this case of which Mr. Brovont has personal knowledge relates to the PEL Entities' business relationship with H.P.'s entities, but that information is readily available through the information Mr. Brovont produced in response to the Documents Subpoenas and through a witness employed by a Defendant.

Indeed, to prove that "Steve Brovont did not want to take action vis-a-vis [H.P.] in part out of fear of jeopardizing his brother, Dennis Brovont's, livelihood" (**Exhibit E**, at 1), Plaintiff must show that *Steve Brovont*—not Mr. Brovont—had knowledge of the PEL Entities' business relationship with H.P.'s entities, which by definition would preclude Mr. Brovont's knowledge of the same business relationship from being "unique" and otherwise unavailable. Plaintiff's insistence on obtaining additional details of this relationship, particularly confidential pricing details that Mr. Brovont timely objected to disclosing five months ago, without any attempt to demonstrate their relevance to this case, is exactly the type of harassment the apex deposition rule is designed to prevent. As such, the Deposition Subpoena should be quashed.

## III. Under Federal Rule of Civil Procedure 45(d)(1), Mr. Brovont is entitled to his reasonable attorney's fees for this Motion to Quash.

Finally, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).  Further, this Court "must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." *Id.*

Here, Plaintiff has taken no steps to avoid imposing undue burden or expense on Mr. Brovont.  Mr. Brovont has already shouldered the cost of timely objecting and, subject to the objections, producing documents responsive to the Documents Subpoenas in this case.  His offer to provide an affidavit in lieu of the deposition, or to negotiate reasonable restrictions on the scope and duration of the deposition, were rebuffed by Plaintiff, apparently due to Plaintiff's intention to depose Mr. Brovont about the exact confidential business information to which Mr. Brovont timely objected five months ago.  Essentially, Plaintiff seeks to use Mr. Brovont's deposition to circumvent her obligation to file a motion to compel seeking such information under Federal Rule of Civil Procedure 45(d)(2)(B).  In doing so, Plaintiff unduly burdened Mr. Brovont with the expense of filing this Motion to Quash.  Mr. Brovont therefore should be awarded his reasonable attorney's fees associated with filing this Motion to Quash as a sanction against Plaintiff for flouting the obligation under Federal Rule of Civil Procedure 45(d)(1) to take reasonable steps to avoid imposing such undue burden on Mr. Brovont.

## CONCLUSION

For the above reasons, non-party Dennis Brovont, Jr., respectfully requests that this Court quash the Deposition Subpoena and enter a protective order, and award him reasonable attorney's fees incurred in filing this motion.

Dated:  November 11, 2019        /s/ Allyson R. Terpsma
                                               Allyson R. Terpsma (P78553)
                                               WARNER NORCROSS & JUDD LLP
                                               1500 Warner Building
                                               150 Ottawa Ave., N.W.
                                               Grand Rapids, Michigan 49503
                                               616.752.2000
                                               aterpsma@wnj.com

                                               Attorney for Non-Party Dennis Brovont, Jr.