UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

VALERIE SILBERMAN,

      Plaintiff,

v.

LOWE'S HOME CENTERS,
LLC, et al.,

      Defendants.

_____/

Case No. 1:18-cv-00792

Hon. Paul L. Maloney
Hon. Phillip J. Green

## **<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on non-party Dennis Brovont, Jr.'s, petition for attorney's fees (ECF No. 39) (First Petition) relating to his successful motion to quash plaintiff's subpoena and for a protective order (ECF No. 28). Mr. Brovont's First Petition seeks a total of $11,602.50 in attorney's fees. (*See* ECF No. 39, PageID.334). Also before the Court is Mr. Brovont's supplemental petition (ECF No. 62-1) (Second Petition) relating to fees he incurred as a result of Plaintiff's appeal to the District Judge of the undersigned's order granting the motion to quash. The Second Petition seeks an additional $6,358.00 in fees. (ECF No. 62-1, PageID.737). Plaintiff opposes each petition. (ECF No. 45, 65). The Court has determined that oral argument is unnecessary.

For the reasons articulated herein, the fee petitions will be granted in part and denied in part.  Mr. Brovont shall be awarded a total of $6,990.00 in attorney's fees.

## Background and Procedural History

Plaintiff worked as a sales associate at Defendants' Kentwood, Michigan, store from November 2012 to November 2016.  (Complaint ¶¶ 11, 30).  She alleges that a regular customer, "H.P.," sexually harassed her, and that Defendants failed to take action because they were more interested in maintaining H.P.'s lucrative business. (*Id.* at ¶¶ 12, 26, 29).  H.P. owns a number of hotels, and he utilizes the services of a contractor, Dennis Brovont, Jr.  (*Id.* at ¶ 12; Pltf's Dep. Tr. at 132, ECF No. 34-4, PageID.264).  Mr. Brovont is the president of PEL Construction, LLC, and other related companies (PEL entities).  (ECF No. 29, PageID.170).  He is not a party to this action.  His brother, Steve Brovont, is the manager of Defendant's Kentwood, Michigan, store.  (*Id.*).

On April 19, 2019, Plaintiff served Dennis Brovont and the PEL entities with a subpoena *duces tecum* seeking myriad records relating to his businesses and his business relationship with H.P.  (ECF No. 29-1).  On June 3, 2019, Mr. Brovont and the PEL entities served a number of objections, but also produced certain documents. (ECF No. 29-2).  Mr. Brovont and the PEL entities served amended written objections on June 21, 2019, and produced additional documents.  (ECF No. 30).

Plaintiff served Mr. Brovont with an October 17, 2019, subpoena to testify at a November 19, 2019, deposition.  (ECF No. 30-1).  The subpoena also directed Mr. Brovont to produce at his deposition documents identified in nine categories.  (*Id.* at

2

PageID.211).  Mr. Brovont objected to being deposed and to providing additional documents, and Counsel for Mr. Brovont attempted, unsuccessfully, to negotiate a compromise with Plaintiff's counsel (ECF No, 30-2), which included providing an affidavit covering the topics of interest to Plaintiff (*id.* at PageID.216).  Plaintiff's counsel refused to "disclose [his] potential deposition examination strategy through negotiations over the content of an affidavit."  (*Id.* at PageID.218).  Accordingly, on November 11, 2019, Mr. Brovont filed a motion to quash the subpoena, under Federal Rule of Civil Procedure 45(d)(3), and for a protective order under Rule 26(c)(1).  (ECF No. 28, 29, 30).  Plaintiff responded on November 14, 2019.  (ECF No. 34, 35).

 On November 15, 2019, following a hearing, the undersigned judicial officer granted Mr. Brovont's motion to quash and entered a protective order limiting the time and scope of Mr. Brovont's deposition.  (Order, ECF No. 37).  The undersigned also ordered Mr. Brovont to file a petition for reasonable attorney's fees.  (*Id.* at PageID.297).

On December 2, 2019, Plaintiff filed objections to the November 15, 2019, order, including that the undersigned erred in awarding sanctions under Rule 45(d)(1).  (ECF No. 40, PageID.360; ECF No. 41, PageID.377-81).  Mr. Brovont filed a response to Plaintiff's objections on December 16, 2019.  (ECF 48).  The Honorable Paul L. Maloney overruled those objections on February 5, 2020.  (ECF No. 58).

On February 13, 2020, Mr. Brovont filed a motion seeking leave of Court to supplement his fee petition to address attorney's fees he incurred following the filing of his original petition. (ECF No. 61, PageID.732; *see* ECF No. 62-1 (supplemental petition)). Specifically, these fees relate to Mr. Brovont's response to Plaintiff's objections to the November 15 order. (ECF No. 62, PageID.734). Plaintiff's counsel filed a response on February 26, 2020, objecting to Mr. Brovont's effort to supplement his fee petition. (ECF No. 63). On March 2, 2020, the Court dismissed Mr. Brovont's motion to supplement his fee petition as improvidently filed, and it ordered that the supplemental petition be treated as a second fee petition. (ECF No. 64, PageID.755). The Court also allowed Plaintiff's counsel to file a substantive response to Brovont's Second Fee Petition. (*Id.*). That response was timely filed on March 9, 2020. (ECF No. 65).

## Discussion

In his First Petition, Mr. Brovont seeks $11,602.50 in fees for 35.7 hours of work in which his attorney engaged in pre-motion efforts to negotiate a compromise to the deposition subpoena impasse and in filing the successful motion to quash the subpoena. (ECF No. 39, PageID.332-34; ECF No. 39-4, PageID.357-58). His counsel charges him at an hourly rate of $325.00. (ECF No. 39-1, PageID.337). The petition is supported by an affidavit of counsel (ECF No. 39-1), counsel's resume (ECF No. 39-2), the State Bar of Michigan's 2017 Economics of Law Practice Attorney Income and Billing Rate Summary Report (ECF No. 39-3), and counsel's billing statement (ECF No. 39-4).

In his Second Petition, Mr. Brovont seeks an additional $6,358.00 in fees for 19.2 hours of work his attorney performed in responding to Plaintiff's objections to the Court's November 15, 2019, order.   (ECF No. 62-1, PageID.737, 743).   His counsel's billable hourly rate increased in 2020 to $345.   (*Id.* at PageID.741).   The Second Petition is supported by affidavit of counsel (*id.* at PageID.741) and counsel's billing statement (*id.* at PageID.743).

In his responses to the two petitions, plaintiff's counsel attempts to avoid sanctions by rearguing the merits of the motion to quash and his objections to the Court's November 15, 2019, Order.   (*See* ECF No. 45, PageID.473-79; ECF No. 65, PageID.759-61).   These arguments have already been rejected by the Court (*see* ECF No. 37, 38, 58), and they do not warrant further analysis.   Counsel's contention that he did not act unreasonably in this matter is without merit.

The basis for awarding reasonable attorney's fees in this matter is found in Federal Rule of Civil Procedure 45(d)(1), which provides:

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.   The court for the district where compliance is required *must* enforce this duty and impose an appropriate sanction – which may include lost earnings and *reasonable attorney's fees* – on a party or attorney who fails to comply.

(emphasis supplied).[1]

---

[1] Fees in this matter would also be available under Rule 26, as the Court granted Mr. Brovont's motion for a protective order.   That rule incorporates the cost-shifting provisions of Rule 37(a)(5).   *See* FED. R. CIV. P. 26(c)(3).   "Expense-shifting under Rule 37(a)(5) is mandatory, while expense-shifting under Rule 45(d)(1) is discretionary."   *Muslim Community Assoc. of Ann Arbor v. Pittsfield Township*, Case

Plaintiff's counsel plainly failed to comply with his obligations under Rule 45(d)(1). The undersigned judicial officer noted that "[t]he breach of the duty in this case is egregious. This is so far beyond what was reasonable to request of a[] nonparty I cannot in good conscience not sanction you." (Hrg Tr. at 30, ECF No. 38, PageID.327). And as Judge Maloney noted in his order denying Plaintiff's objections to the November 15, 2019, order granting the motion to quash:

> [I]t is apparent that [Plaintiff's] counsel did not engage in any good-faith negotiations about the scope of the offered affidavit or deposition, and that he did not take any other 'reasonable steps' to avoid imposing undue burden on non-party Dennis [Brovont]. [Plaintiff's] counsel was unwilling to consider an affidavit in lieu of a deposition, provide possible parameters for the deposition, or even notify Dennis [Brovont] of what topics might be discussed. [Plaintiff's] counsel did not appear prepared to make concessions to avoid placing an unnecessary burden on Dennis [Brovont].

(Feb. 5, 2020, Order at 4, ECF No. 58, PageID.726).

Accordingly, the Court imposed significant limitations as to the length of the Dennis Brovont deposition and the topics to be addressed. The Court shall also impose an appropriate sanction in the form of awarding Mr. Brovont the reasonable attorney's fees he incurred in pursuing his motion to quash the subpoena. *See Muslim Community Assoc. of Ann Arbor v. Pittsfield Township*, Case No. 12-10803, 2015 WL 5132583, at *2-3 (E.D. Mich. April 24, 2015); *see also Green v. MOBIS Alabama, LLC*, Case No. 2:12cv277, 2014 WL 2041857, at *2-3 (M.D Ala. May 16, 2014) (awarding

---

No. 12-10803, 2015 WL 5132583, at *2-3 (E.D. Mich. April 24, 2015) (citing *United States v. Dynamic Visions, Inc.*, 307 F.R.D. 299, 302-03 (D.D.C. 2015); *Legal Voice v. Stormans, Inc.*, 738 F.3d 1178, 1185 (9th Cir. 2013)).

costs and fees where party "failed to take any steps, let alone any reasonable ones, to avoid imposing an undue burden or expense on [the subpoenaed person]").

Having already found a sufficient basis for awarding costs, the only remaining issue is the reasonableness of the fees and expenses sought. The Supreme Court has explained that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This is the "lodestar method" of calculation. *See Perdue v. Kenny A.*, 559 U.S. 542, 546 (2010); *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000); *Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir. 2005).[2]

<u>The Reasonable Hourly Rate</u>

The Court begins this analysis by determining a reasonable hourly rate. "Ordinarily, courts look to '[rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.' " *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)). There is a presumption in favor of the community market rates. *See, e.g., Blum*, 465 U.S. at 895 ("'[R]easonable fees' . . . are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel."); *Adcock-Ladd v. Sec'y of*

---

[2] The Sixth Circuit "rel[ies] on precedents involving attorney fees without regard to whether they involved Title VII or some other federal statute." *Isabel*, 404 F.3d at 415.

*Treasury*, 227 F.3d 343, 350 (6th Cir. 2000) ("A trial court, in calculating the 'reasonable hourly rate' component of the lodestar computation, should initially assess the '*prevailing market rate in the relevant community*.'" (quoting *Blum*, 465 U.S. at 895)) (emphasis in *Adcock-Ladd*); *Coulter v. Tennessee*, 805 F.2d 146, 149 (6th Cir. 1986) ("We . . . apply the principle that hourly rates for fee awards should not exceed the market rates necessary to encourage competent lawyers to undertake the representation in question."). The so-called "community market rule" has the "principle virtue of being the easiest way to cope with the 'inherently problematic' task of ascertaining a reasonable fee in a situation where 'wide variations in skill and reputation render the usual laws of supply and demand inapplicable[.]'" *Hadix*, 65 F.3d at 536 (quoting *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)).

Having determined that the community market rule applies here, the next step is determining the prevailing market rate in the Grand Rapids area. In order to determine the local market rate, a court should rely on a combination of its own expertise and judgment. *Garber v. Shiner Enterprises, Inc.*, No. 1:06-cv-646, 2007 WL 4557857, *1 (W.D. Mich. Dec. 21, 2007) (citing *United States ex rel. Educ. Career Dev., Inc. v. Cent. Fla. Reg'l Workforce Dev. Bd., Inc.*, No. 6:04-cv-93, 2007 WL 1601747, *6 (M.D. Fla. June 1, 2007)). The Court may consider proof of rates charged in the community under similar circumstances, as well as opinion evidence of reasonable rates. *See Garber*, 2007 WL 4557857 at *1 (citing *Educ. Career Dev., Inc.*, 2007 WL 1601747 at *3). Other relevant sources include the attorney's actual billing

rate and fee awards from prior cases.  *See Payton v. New Century Mortgage Corp.*, Nos. 03 c 333, 03 c 703, 2004 WL 524693, at \*2 (N.D. Ill. Mar.11, 2004).

Mr. Brovont asks the Court to award an hourly rate of $325.00 for work his counsel performed in 2019, and an hourly rate of $345.00 for work his counsel performed this year.  (ECF No. 39-1, PageID.337; ECF No. 62-1, PageID.741). Plaintiff's counsel objects to these hourly rates, arguing that the Court should not adopt an hourly rate greater than $209.00, the "median" rate for attorneys with three to five years' experience.  (ECF No. 45, PageID.480; ECF No. 65, PageID.763 (citing State Bar of Michigan's Economics of Law Practice in Michigan survey, ECF No. 39-3, PageID.347 (Table 4)).

The Court has reviewed the 2017 edition of the State Bar of Michigan's Economics of Law Practice in Michigan, which includes reported billing rates throughout Michigan.  (*See* ECF No. 39-3).  This is an acceptable source.  *See Wells v. Corporate Accounts Receivable*, 683 F. Supp.2d 600, 603 (W.D. Mich. 2010) (citing *O'Connor v. Trans Union, LLC*, No. 05-cv-74498, 2008 WL 4910670, \*6 (E.D. Mich. Nov. 13, 2008)).  "District courts have relied on the State Bar of Michigan . . . Economics of Law Practice Survey to determine average billing rates in Michigan, and the Sixth Circuit has approved this practice."  *Wells*, 683 F. Supp.2d at 603 (citing *O'Connor*, 2008 WL 4910670, at \*5 and *Lamar Advertising Co. v. Charter Twp. of Van Buren*, 178 F. App'x. 498, 501-02 (6th Cir. 2006)).

According to the state bar survey, the "mean" hourly rate for all attorneys in Grand Rapids is $297.00, and the rate for attorneys in the 75th percentile is $350.00. (*See* ECF No. 39-3, PageID.348 (Table 6)).[3]  Mr. Brovont's counsel had been in private practice for more than five years at the time she began handling the matters relating to the pending fee petitions, and was close to having six years' experience by the time of her most recent filing.  (*See* ECF No. 39-1, PageID.336).  She also has developed some expertise in the area of employment litigation.  (*See id.*).  The state bar survey indicates that the "mean" hourly rate for attorneys with six to ten years' experience is $239.00, and the rate for attorney's in the 75th percentile is $283.00.  (ECF No. 39-3, PageID.347 (Table 4)).  Attorneys who represent defendants in cases involving employment law report a "mean" hourly rate of $281.00, with those in the 75th percentile charging $350.00.  (*Id.* at PageID.349 (Table 7)).[4]  Informed with this information, it is the Court's judgment that an hourly rate of $300.00 is reasonable in this instance, given counsel's level of experience, counsel's limited role in the case, and the relative simplicity of the issues involved in the motion to quash.[5]

---

[3] Although Plaintiff's counsel has proposed using the "median" hourly rates, which are the rates at the midpoint between the highest and lowest, the Court finds that the "mean" hourly rates, which reflect an average of rates in the given category, is a better benchmark.

[4] The Court recognizes that the "mean" hourly billing rates for attorneys who practice in firms with more than fifty attorneys is $358.00.  (ECF No. 39-3, PageID.347).  The Court is not persuaded, however, that this is a particularly relevant bench mark for purposes of the instant fee petitions.

[5] Mr. Brovont cites this Court's decision in *Stryker Corp. v. Prickett*, Case No. 14-cv-1000, 2016 WL 7048813, at *4 (W.D. Mich. Dec. 5, 2016), allowing an hourly rate of $334 for an associate with approximately six years' experience.  (*See* Petition at 4,

<u>Hours Reasonably Expended</u>

The next inquiry addresses the number of hours claimed.  In order to accept the claimed time expenditure, "the documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation."  *United Slate, Tile & Composition Roofers Ass'n, Local 307 v. G. & M. Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 n.2 (6th Cir. 1984).  The party seeking an award of attorneys' fees has the burden of proving the number of hours reasonably expended on the litigation. *Hensley*, 461 U.S. at 433; *see Granzeier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1999).

The Court has considered counsel's itemized description of the work performed in this matter on behalf of Mr. Brovont.  Counsel's billing statements list a total of 54.9 hours worked – 35.7 in the First Petition and 19.2 in the Second Petition.  (ECF No. 39-4, PageID.357-58; ECF No. 62-1, PageID.743).  In a number of instances, however, counsel fails to provide a sufficiently specific breakdown of activities to allow for meaningful review.

---

ECF No. 39, PageID.332).  That case is distinguishable from the instant matter, however, in at least two respects:  first, in *Stryker*, there was no objection to the fee petition, including the hourly rate sought, *see* 2016 WL 7048813 at *4; and second, the fee petition in *Stryker* related to a somewhat complicated and extensive civil contempt proceeding in a case involving alleged violations of the Lanham Act, trademark infringement, breach of contract, and tortious interference (Complaint, Case No. 14-cv-1000, ECF No. 1).

In the First Petition, for example, counsel lists ten billing entries between October 9, 2019, and November 7, 2019, that reference the drafting of "correspondence," but the entries are somewhat cryptic regarding the nature of the correspondence. (ECF No. 39-4, PageID.357). Moreover, it is unclear why counsel needed to send so many items of "correspondence" to Mr. Brovont (and someone with the last name Jammal), this in addition to two telephone conferences with Mr. Brovont during this period. (*See id.*). The October 21 and November 6 entries fail to even identify the intended recipient of the correspondence being drafted, and there is no explanation as to why counsel needed to correspond with the Court on November 13, 2019, regarding the November 15 hearing, or to "correspond with Mr. Brovont" regarding the same. (*See id.* at PageID.357-58).

There is no explanation as to why time was expended on matters relating to the October 17, 2019, subpoena – the subject of the motion to quash – before the date it was issued. (*See id.* at PageID.357). In the motion to quash, Mr. Brovont's counsel noted that the subpoena was issued on October 17, 2019, but that Mr. Brovont was not served until October 29. (ECF No. 29, PageID.171-72). Mr. Brovont's counsel also noted that, on October 22, she contacted Plaintiff's counsel to discuss – apparently for the first time – the possibility of Mr. Brovont providing an affidavit in lieu of a deposition. (*Id.*).

12

Other deficiencies in the First Petition's billing statement include entries relating to a "potential settlement." (*See id.* at PageID.358). It is unclear from the billing statement whether the potential settlement refers to the claims in the case or the fee petition. Either way, the Court will not award costs relating to that matter.

The Court will not award fees relating to any of the deficient entries described above. Moreover, the Court will limit the fee award to time reasonably expended, after October 17, 2019, in attempting to negotiate a compromise with Plaintiff's counsel, in drafting the motion to quash, in preparing for and participating in the hearing on the motion, and in drafting the fee petition. Having carefully reviewed the First Petition and Plaintiff counsel's response, and based on the Court's experience, the following work and time will be deemed reasonable (the time entries have been reduced, as necessary, to reflect what the Court finds reasonable):

- 10/22/19: teleconference with Plaintiff's counsel – 0.5 hours

- 10/30/19: draft correspondence with Plaintiff's counsel – 0.5 hours

- 11/7/19:  draft correspondence with Plaintiff's counsel – 0.3 hours

- 11/8/19:  teleconference and draft correspondence with Plaintiff's counsel – 1.0 hour

- 11/9-11/19:  draft motion to quash and prepare exhibits – 6.0 hours

- 11/14-15/19:  review Plaintiff's response and prepare for oral argument – 1.5 hours

- 11/15/19: attend hearing – 1.0 hour[6]

---

[6] The hearing lasted 33 minutes. (*See* Hrg Tr. at 4, 30; ECF No. 38, PageID.301, 327). The remainder of the hour is being awarded to account for local travel to and from the Court.

13

- 11/26/19: research and draft petition for fees; draft affidavit for fee petition; prepare exhibits for fee petition – 3.0 hours

Having carefully reviewed the Second Petition and Plaintiff counsel's response, and based on the Court's experience, the following work and time will be deemed reasonable (the time entries have been reduced, as necessary, to reflect what the Court finds reasonable):

- 12/6/19:   review Plaintiff's objections to Court's 11/15/19 Order – 2.0 hours

- 12/10-13/19:  draft response to Plaintiff's objections – 4.5 hours[7]

- 12/16/19: review and file response to Plaintiff's objections – 1.0 hour

- 2/11/20:   research authority for supplemental fee petition; draft motion for leave to file supplemental fee petition; draft supplemental fee petition – 2.0 hours[8]

This results in an attorney fee award of $6,990.00 (23.3 hours times $300.00).

---

[7] Mr. Brovont actually filed two responses to Plaintiff's objections.  The first (ECF No. 48) consisted of 4,541 words (*see* Certificate of Compliance, ECF No. 49), which exceeded the local rule limit for non-dispositive motions.  Mr. Brovont filed an amended response (ECF No. 50) the same day, which was reduced to 4,259 words (*see* Certificate of Compliance, ECF No. 51).  The Court cannot award costs relating to the filing of the first response, as it was never considered by the Court (*see* Judge Maloney's Order of Feb. 5, 2020, ECF No. 58, PageID.724).  Accordingly, the hours awarded for time billed for drafting the response has been further reduced to reflect the erroneous first filing.

[8] The Court is awarding no time for researching and drafting the motion for leave to file a supplemental fee petition, as that motion was improvidently filed.  (*See* 3/2/20 Order, ECF No. 64).

14

Accordingly, the Court will award Mr. Brovont a total of $6,990.00 in attorney's fees. These fees are to be paid by Plaintiff's counsel personally, as he alone was responsible for the discovery abuse for which sanctions are being imposed.

## <u>Conclusion and Order</u>

For the reasons set forth herein, Dennis Brovont, Jr.'s, petitions for attorney's fees (ECF No. 39, 62-1) are **GRANTED in part** and **DENIED in part**. Accordingly,

**IT IS ORDERED** that Plaintiff's counsel personally shall pay Dennis Brovont, Jr., $6,990.00 in attorney's fees within thirty days of the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's counsel is prohibited from seeking any reimbursement from Plaintiff.

The petitions (ECF No. 39, 62-1) are otherwise **DENIED**.

**IT IS SO ORDERED.**

Date: April 16, 2020                          /s/ Phillip J. Green
                                              PHILLIP J. GREEN
                                              United States Magistrate Judge